

**SO ORDERED.**
**SIGNED this 22nd day of November, 2013**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                      CASE NO. 13-15135
JASON DANIEL CAGLE
    Debtor(s)                                               CHAPTER 13

ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that the plan as finalized complies with 11, U.S.C. §1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached is confirmed.
2. Property of the estate does not vest in the debtor(s) until completion of the plan.
3. Attorney for the debtor(s) is awarded the fee set forth in the plan, to be paid by the chapter 13 trustee through the plan.
4. All pending objections, if any, to confirmation are resolved, withdrawn, or overruled.

###

Approved for Entry By:
/s/ C. Kenneth Still_____
C. Kenneth Still, Trustee
P.O. Box 511, Chattanooga, TN 37401
(423) 265-2261

UNITED STATES BANKRUPTCY COURT
Eastern District of Tennessee
Southern Division

IN RE:   Jason Daniel Cagle

Case No.   13-15135
Judge   Cook/Rucker
Chapter 13

## CHAPTER 13 PLAN
## ORIGINAL

Dated:   October 11, 2013

### 1. Payments and Term.

The Debtor will pay the Chapter 13 Trustee __$361.00__ __Bi-Weekly__ for __60__ months by __Wage Order - Debtor__ and the following additional monies: _____

### 2. Priority Claims (including administrative expenses).

(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of __$3,000.00__, less __$0.00__ previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

### 3. Secured Claims.

(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Toyota Financial Services** | **2011 Toyota Tundra** | $30,122.64 | $614.00 | 5.69 |

(b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|

(c) *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|

CHAPTER 13 PLAN (Continued)

ORIGINAL

*Dated:* October 11, 2013

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:     **70% (or 60 mo., whichever is greater)**                                    .

(b) *Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid in full.

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Property Description*              *Contract Number*                *Other Party to Contract*

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

**Ocwen Loan Servicing (house and lot)**           **to be surrendered in full satisfaction of the debt**

**United Consumer Financial (unsecured loan)**      **To be paid $35 per month at 18% interest to protect co-debtor**

**7. Liens to be avoided under §§ 506 & 522(f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

Date:  October 11, 2013        Signature   /s/ Richard L. Banks, #000617

Richard L. Banks, #000617, Attorney for Debtor
Richard Banks & Associates, P.C.
P.O. Box 1515
Cleveland, TN 37364-1515
(423)479-4188

Date:  October 11, 2013        Signature   /s/ Jason Daniel Cagle

Jason Daniel Cagle, Debtor